Yan Brunt, P. J.
The relator is the executor of Christina E. Smith, who, from the year 1857 until the time of her death in 1874, was the owner of certain premises bounded by the westerly side of Eighth avenue, the northerly side of Ninety-first street and the southerly side of Ninety-second street, in the city of New York. This property consisted of a plot of 21 lots upon which a dwelling house and outbuildings stood. There were, from time to time up to 1875, changes of the grade of Eighth avenue authorized, the last of which was by chapter 593 of the Laws of 1870, the grade, under the provisions of this act, being considerably lowered.
In May, 1872, an act was passed entitled “An act in relation to Eighth avenue in the city of New York,” being chapter 729 of the Laws of 1872. The act is as follows:
Section 1. The board of assessors of the city of New York are hereby authorized and directed to assess upon the property intended to be benefited by the regulating, grading and improving the Eighth avenue, between Fifty-ninth street and One Hundred and Twenty-second street, the amount of damage or injury which each owner of a building or buildings erected on land fronting on said avenue or street has or will sustain or suffer by reason of such changes of grades and plan of improvement of said avenue *603 heretofore authorized or directed to be made by the legislature or any officer or board in the city of New York, and shall make and file in the finance department of said city a just and equitable statement and award of the amount of such damage, loss or injury to the owner or owners of such building or buildings on lands fronting on such street or avenue, and opposite thereto and affected by such change of grade,and the amount of such award shall be included in the expense of regulating, grading and improving said avenue, and with such expense for regulating, grading and improving said avenue, shall be assessed, as provided in and by the one hundred and seventy-fifth section of the act of April 9, one thousand eight hundred and thirteen, entitled An act to reduce the several laws relating to the city of New York into one act.
“Sec. 2. The comptroller of the city of New York is hereby authorized and directed to issue assessment bonds of said city to pay the amount of such loss or damage so assessed by said board of assessors, together with such an amount as may be necessary to pay the expenses or costs that have been, or may hereafter be, necessary for the regulating, grading and improving said avenue.”
In June, 1891, the present claim of the plaintiff was presented to the board of assessors and certain proceedings were thereupon had; and on the 6th of May, 1892, the assessors filed in the office of the comptroller the assessment made by them of the amount of damage or injury sustained by the relator resulting from the change of grade or plan of improvement of said avenue theretofore authorized and directed to be made by the legislature or any officer or board in the city of New York. The relator, feeling himself aggrieved by said assessment, has brought this certiorari to review the proceedings of the board of assessors.
Various objections are made to the regularity of the proceedings of the board of assessors, and also to the neglect of said board to take into consideration proofs offered by the relator upon the question of the damage sustained by him.
It is first urged that the return fails to show that the board was sworn to act as a judicial body, and that, therefore, it had no jurisdiction, and that, as the duties and powers under this act were not those prescribed by the Consolidation Act of 1882, their general oath of office was not sufficient to comply with the law. But no such objection was taken to the proceedings before the board of assessors; and the relator, after having submitted himself to the jurisdiction of the board, cannot now be heard to raise the objection that they were not sufficiently sworn. But we are of.opinion that this board, acting as a board of assessors, were not required to take a separate oath of office in this particular proceeding.
It is further urged that the board have not complied with the law and filed the statement therein required. It is admitted that the paper filed is good as an award. But it is claimed that it is in no sense a statement. It is a familiar rule in the construction of statutes (and one which is invoked by the relator upon this appeal) that the principle which is to control is the intention of the legislature in passing the same, which is to be ascertained *604 from the cause or necessity, of the statute as well as other circumstances.
“A strict and liberal interpretation is not always to be adhered to, and where the case is brought within the intention of the makers of the statute, it is within the statute, although by a technical interpretation it is not within its letter. It is the spirit and purpose of the statute which are to be regarded in its interpretation; and if these find fair expression in the statute, it should be so construed as to carry out the legislative intent, even although such construction is contrary to the literal meaning of some provision of the statute.”
Now, upon an examination of the statute in question, it will be seen that by the use of the word “statement,” in addition to the word “award," there was no intention to enlarge the ordinary duties of the assessors in determing the amount of an award or. assessment by compelling them to file a bill of particulars. The" term used is “a just and equitable statement and award of such damage, loss and injury,” etc. It is evident that it was not the intention that particulars should be given, but a statement of the gross amount of the damage, and that such amount was to be awarded. Therefore the award which was filed by the board of assessors with the comptroller seems to have been a compliance with the statute.
It is further urged that it was error upon the part of the assessors'to call upon the Corporation Counsel for advice in respect to the manner in which they should conduct their duties, and because one of his assistants appeared before them and advised them. ' And it is urged that this was improper because the city was one of the parties to the proceeding. The Corporation Counsel is the legal adviser of the Board of Assessors, and the city was not a party to this proceeding. It is true that the Comptroller was authorized to issue assessment bonds for the amount of the award. But the amount was to be assessed upon the adjacent property, and it was supposed that the money would be realized again by the city, so that in reality the city was only advancing the amount of the award against assessments to be subsequently collected which had been levied upon the adjacent property, in order that the same might be reimbursed. We do not think that there was any ground to complain of the action of the board in applying to the Corporation Counsel for his assistance in the conduct of the special duty which was imposed upon them by this act of the legislature.
It is further urged that the board did not estimate and award all the damages to which the relator was entitled under the proof. And here we think the relator is entirely mistaken in reference to the scope of the act under which this assessment and award were being made. As already intimated, in the construction of the act, the intention of the legislature must govern. The act in question was a special one, not in the ordinary course of legislation; and seems to have been passed in order that the relator might be reimbursed' for some special damage which he had suffered by reason of the change of grade which had occurred in front of the *605 property owned by him. It is claimed upon the part of the relator that the expenses in relation to the lands owned by him, caused by the change of grade, were to be included in the assessment. We do not think that this is the intention of the act. It is not the landowner who is to be reimbursed, but the owner of buildings erected upon the land; and it was the intention of the legislature to reimburse for the damage to the buildings, not the damage - to the land. It was certainly not their intention that, because the owner of a block of land had a house of small value erected thereon, he should be reimbursed for all that it cost him to bring his lots down to the grade, whereas upon the next block, because there was no building thereon, the expenses might be much greater, and yet no reimbursement could be made. The legislature never intended any such inequality in reference to compensation. It is apparent that all they did intend was that the damage to the building should be provided for. This is the provision of the act. It was as the owner of the building that he was tobe compensated, and not as the owner of the land. And this seems to have been the error in the extravagant claim which the relator presented to the Board of Assessors—one of the items of which is the expense of taking the dirt away from his lots, and the next the building of a retaining wall to keep it there.
It is further urged upon the part of the relator that all the damages which might be sustained by reason of the change of the natural grade were to be included. We do not think that the act bears this construction, but rather that the damages caused by the changes of the grade and plan of improvements, i. e., change from the first plan of improvement, were to be considered; and that the word “ change ” qualified both grade and plan of improvement, and that, therefore, it did not mean that all the changes from the original grade should be compensated for. This act, as already stated, is a special one, unusual in its provisions, and should not be enlarged against the evident intent of the legislature.
These suggestions seem to us to dispose of most of the objections to the amount of the award. It may be that we are wrong in this construction, and that the relator has been inadequately compensated for the result of the change of grade. But we cannot see how any other construction can be placed upon the act without giving preferences, which it is never to be assumed the legislature intended.
We think that the proceedings should be affirmed, with costs.
O’Brien and Parker, JJ., concur.